SEP 16 2026 PM2:32
FILED - USDC - FLMD - ORL

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANE DOE,

Plaintiff,

Case No.: 6:26-cv-02084-CEM-LHP

v.

THE FLORIDA BAR; JOSHUA E. DOYLE, Executive Director of The Florida Bar, in his official capacity; MICHAEL FOX ORR, President of The Florida Bar, in his official capacity; JOHN D. COURIEL, Chief Justice of the Supreme Court of Florida, in his official capacity for prospective relief; CLAYTON D. SIMMONS, individually; JAN K. WICHROWSKI, individually; ADRIA E. QUINTELA, individually; JOHN D. CARNAHAN, individually; MICHAEL G. TAKAC, individually; CITY OF MOUNT DORA, FLORIDA; BRETT LIVINGSTON, individually; JAMES “JIM” DELEU, Interim Chief of the Mount Dora Police Department, in his official capacity for prospective relief; GREENBERG TRAURIG, P.A.; M. HOPE KEATING, individually; and MICHAEL H. MOODY, individually,

Defendants.

---

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR LIMITED PROTECTIVE RELIEF

Plaintiff respectfully moves for leave to proceed publicly under the pseudonym “Jane Doe,” while disclosing her true identity to the Court and, subject to appropriate confidentiality protections, to Defendants. Plaintiff does not seek to seal this civil action or conceal the identity of the Defendants. She seeks narrow relief designed to prevent the public docket in this action from becoming a new vehicle for republishing identifying information connected to a sealed juvenile proceeding involving her minor child.

## MEMORANDUM OF LAW

1. Federal Rule of Civil Procedure 10(a) ordinarily requires the complaint to name all parties. The Eleventh Circuit nevertheless recognizes that, in an exceptional case, a litigant may proceed pseudonymously when a substantial privacy right outweighs the customary and constitutionally embedded presumption of openness. *Doe v. Frank*, 951 F.2d 320, 322–24 (11th Cir. 1992); *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011). The inquiry considers the totality of the circumstances, including whether the plaintiff challenges governmental activity, whether the litigation concerns matters of the utmost intimacy, whether minors are implicated, the risk of harm from disclosure, and whether anonymity would create fundamental unfairness to the opposing parties.

2. This action challenges governmental and governmental-adjacent conduct arising from Florida attorney discipline, including the alleged use of protected petitioning activity and material originating in a juvenile proceeding.

3. Plaintiff's complaint challenges, among other things, the present enforcement and dissemination of professional restraints flowing from that disciplinary process that used sealed confidential juvenile records to prove an operative restraint that Plaintiff's motion to disqualify Circuit Judge Michael Takac in a pro se predatory lending lawsuit and her ethics complaint to the Florida Bar against Lake County Assistant State Attorney began in the juvenile case because Plaintiff played the "race card" in the juvenile proceeding.

4. The privacy interest is not ordinary embarrassment or a generalized preference for anonymity. The underlying juvenile matter involved Plaintiff's minor child. The Supreme Court of Florida entered an order in Case No. SC11-1304 directing that the juvenile file remain sealed and restricting review to the parties or their attorneys. Plaintiff alleges that material from that sealed juvenile matter was later used in the disciplinary proceeding and became intertwined with public disciplinary and subsequent judicial records.

5. The requested pseudonym is therefore directly related to the injury and privacy interest at issue. Requiring Plaintiff to place her true name prominently in the caption of a new federal action—and thereby create a new, searchable public docket linking her identity to allegations concerning the sealed juvenile matter—would further the very public linkage Plaintiff seeks to prevent from expanding. Recent decisions in this District recognize the relevance of this circumstance where disclosure of identity in the litigation would itself reproduce or compound the privacy injury being litigated.

6. The case also presents an unusual institutional-publication history. Plaintiff alleges that the disciplinary narrative has been repeated through published judicial decisions, regulatory records, professional-status reporting, and other public or institutional channels. The Florida Bar's public-facing member directory currently publishes Plaintiff's professional status as "Membership Lapsed" and "Not Eligible to Practice Law in Florida." Plaintiff will attach to the complaint a dated screenshot preserving that current publication. Pseudonymity

cannot erase historical public records, and Plaintiff does not ask the Court to do so. The requested relief instead prevents this new action from unnecessarily creating an additional public index tying Plaintiff's name to the sealed juvenile subject matter while the Court adjudicates her independent constitutional claims.

7. The minor-child factor independently supports protection. Although the child is no longer necessarily a minor today, the sensitive information at issue arose in a juvenile proceeding and was sealed as such. Plaintiff will identify the child by initials or another non-identifying designation in public filings and will seek leave before publicly filing any material that would defeat the juvenile confidentiality interest.

8. Pseudonymity will not create fundamental unfairness to Defendants. Plaintiff does not seek to hide her identity from the Court or from Defendants. The institutional Defendants and several individual Defendants already know Plaintiff's identity from the underlying proceedings. Plaintiff is willing promptly to disclose her true identity to any Defendant who does not already know it, subject to an order limiting public dissemination and use outside this litigation. Discovery may proceed using Plaintiff's true identity where genuinely necessary, subject to appropriate confidentiality protections.

9. The requested relief is also narrowly tailored. Plaintiff does not ask to seal the complaint, dispositive motions, orders, or the entire docket. The public will be able to see the allegations, legal theories, identities of the Defendants, rulings, and progress of the litigation. Only Plaintiff's name and identifying information

that would defeat the pseudonym protection would be withheld from the public-facing docket.

10. Plaintiff recognizes that pseudonymity does not itself authorize filing documents under seal. See M.D. Fla. Local Rule 1.11. If a future filing requires sealing rather than redaction, Plaintiff will comply with Local Rule 1.11 and seek leave for that particular item. Plaintiff requests only that a confidential notice identifying Plaintiff may be submitted in the manner directed by the Clerk or Court and maintained non-publicly, and that any necessary true-name disclosure to Defendants be subject to limited protective treatment.

11. The relief requested is consistent with recent Middle District practice permitting a litigant to use a pseudonym in public pretrial filings while disclosing the litigant's identity to the opposing party. This approach protects the public's access to the substance of the case while avoiding unnecessary disclosure of the protected identity.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: (a) permitting Plaintiff to proceed in public filings under the pseudonym "Jane Doe"; (b) permitting the public complaint and future public filings to identify Plaintiff as Jane Doe and her child by initials or another non-identifying designation; (c) directing that Plaintiff disclose her true identity to the Court through a confidential notice or other procedure directed by the Court; (d) permitting disclosure of Plaintiff's identity to Defendants and their counsel for purposes of this litigation while prohibiting unnecessary public dissemination of that identity

absent further order; (e) directing the Clerk, to the extent administratively feasible, to maintain Plaintiff's true-name identifying submission as non-public; (f) permitting Plaintiff to redact from public filings personal identifiers and juvenile-case information whose disclosure would defeat the relief granted, while requiring a separate Local Rule 1.11 motion for any document that must actually be filed under seal; and (g) granting such further limited protective relief as the Court deems appropriate.

**LOCAL RULE 3.01(g) CERTIFICATE**

Plaintiff certifies that this Motion is being filed contemporaneously with the Complaint at the commencement of this action. No Defendant has appeared, no counsel has appeared on behalf of any Defendant, and the opposing parties therefore were unavailable for a prefiling conference. Plaintiff will comply with Local Rule 3.01(g)(3) following filing to the extent applicable.

Respectfully submitted, September 15, 2026,

JANE DOE, Pro Se
[True name to be provided to the Court confidentially]
P.O. Box 953521
Lake Mary, Florida 32795-3521
Email: ibertyjustice2012@gmail.com
Telephone: 407-900-7621