**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANE DOE,

Plaintiff,

v. Case No.: 6:26-cv-02084-CEM-LHP

THE FLORIDA BAR, JOSHUA E. DOYLE, MICHAEL FOX ORR, JOHN D. COURIEL, CLAYTON D. SIMMONS, JAN K. WICHROWSKI, ADRIA E. QUINETELLA, JOHN D. CARNAHAN, MICHAEL G TAKAC, CITY OF MOUNT DORA, FLORIDA, BRETT LIVINGSTON, JAMES DELEU, GREENBERG TRAURIG, P.A., M HOPE KEATING, AND MICHAEL H. MOODY,

Defendants.

---

## ORDER

Plaintiff Jane Doe, proceeding *pro se*, filed this action against the above-named Defendants on September 16, 2026. Doc. No. 1. The complaint alleges that Plaintiff, an attorney whose Florida Bar membership has lapsed, was wrongly disciplined by the Florida Bar on the basis of actions taken during and otherwise related to her participation in her daughter's sealed juvenile criminal proceedings, and that records from her daughter's juvenile proceedings were wrongly obtained

and used in connection with Plaintiff's Florida Bar disciplinary proceedings. *Id.* Plaintiff also identifies several related proceedings in the complaint. *Id.* at 11.[1] Based on these allegations, the complaint brings eleven (11) claims for various civil rights violations against Defendants under 42 U.S.C. § 1983 (Counts I-IX); for violations of the Sherman Act (Count X); for violations of Florida Statute § 817.35 (Count XI); and for "declaratory and prospective" relief (Count XII). *Id.* at 45-64.

Contemporaneously with her complaint, Plaintiff filed a Motion for Leave to Proceed under Pseudonym and for Limited Protective Relief, Doc. No. 2, and a Confidential Notice of Plaintiff's True Identity Submitted under M.D. Fla. Local Rule 1.11, Doc. No. 4, which was filed under seal without authorization. By her motion, Plaintiff seeks to proceed pseudonymously because she does not want this action to become a "new vehicle for republishing information" related to her daughter's juvenile criminal proceedings. Doc. No. 2, at 1. Plaintiff also seeks to maintain her identity under seal (Doc. No. 4) and for public filings referencing her daughter to use her daughter's initials. *See* Doc. No. 2, at 5. Plaintiff further states that she is willing to disclose her and her daughter's identity to Defendants and

---

[1] The related cases identified include *Henry v. City of Mount Dora*, 6:18-cv-01325-CEM-DAB (M.D. Fla. Aug. 13, 2018); *Henry v. U.S. Dist. Ct.*, 6:18-mc-00026-SDM-UAM (M.D. Fla. Apr. 3, 2018); and *Henry v. Fla. Bar*, 6:15-cv-01009-CEM-T_S (M.D. Fla. June 19, 2015). *See* Doc. No. 1, at 11.

their counsel for the purposes of this litigation. Doc. No. 2, at 5. For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

Federal Rule of Civil Procedure 10(a) creates a presumption that every pleading filed in this Court must name all parties. Rule 10(a) "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)).

The Eleventh Circuit has developed a multi-factor balancing test to determine whether a plaintiff has shown that he or she has a substantial privacy right that outweighs the presumption of openness in judicial proceedings. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 323). The Court should consider: (1) whether the plaintiff seeking anonymity is challenging government activity; (2) whether the plaintiff must "disclose information of the utmost intimacy"; (3) whether the plaintiff will be compelled to admit illegal conduct, thus risking criminal prosecution; (4) whether the plaintiff is a minor; (5) whether the plaintiff will be exposed to physical violation if required to proceed in his or her own name; and (6) whether proceeding under a pseudonym "poses a

unique threat of fundamental unfairness to the defendant." *Fla. Action Comm., Inc. v. Seminole Cty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 WL 6080988, at *2 (M.D. Fla. Oct. 18, 2016) (citing *Plaintiff B*, 631 F.3d at 1316). The list is non-exclusive, and courts may consider other factors based on the particularities of the case. *Id.* Whether a party will be permitted to proceed anonymously is a matter within the court's discretion. *Plaintiff B*, 631 F.3d at 1315.

The first and sixth factors weigh in favor of anonymity. Plaintiff challenges government activity in that she has brought claims against the Florida Bar and the City of Mount Dora, among others. Doc. No. 1. However, the Court notes that the first factor "does little to tip the scales." *See B. A. v. U.S. Food & Drug Admin.*, No. 2:25-cv-32-JLB-KCD, 2025 WL 1029307, at *2 (M.D. Fla. Apr. 7, 2025). *See also Frank*, 951 F.2d at 324 (noting that suing the government does not provide more reason to grant a plaintiff's request for anonymity). As to the sixth factor, there is no fundamental unfairness to Defendants because Plaintiff has agreed to disclose her name to them, thereby negating any potential negative impact on their ability to defend themselves. *See* Doc. No. 65, at 5. *See also G.W. v. Red Roof Inns, Inc.*, No. 1:23-cv-4542-SEG, 2023 WL 12185624, at *2 (N.D. Ga. Nov. 6, 2023) (finding no "unique threat of fundamental unfairness to defendants" where plaintiff agreed to disclose her name to them).

But all remaining factors and circumstances weigh heavily against anonymity. Plaintiff is not a minor, and she does not argue that she will be compelled to admit illegal conduct in this action, or that she will face physical violence if she exposes her true identity. Doc. No. 2. Plaintiff also fails to establish that she will be required to disclose information of the "utmost intimacy" if she proceeds with her full name, as her daughter is not a party to this case, and any concerns about her daughter's privacy rights can be addressed by other, less restrictive means. *Cf. Doe v. Apple, Inc.*, No. 3:26-CV-4937-TKW-HTC, 2026 WL 2428753, at *2 (N.D. Fla. Aug. 19, 2026) ("The fact that Plaintiff's minor daughter was directly affected by the events giving rise to this action does not undermine [the decision to deny Plaintiff anonymity] because Plaintiff can seek a protective order to protect her [daughter's] identity." (citations omitted)).

Moreover, as Plaintiff herself states in her complaint, since at least 2015 Plaintiff has used her full name to file and participate in various public federal proceedings involving the same juvenile proceedings, many of the same Defendants, and many of the same facts and related issues as in this case. *See* Doc. No. 1, at 11.[2] Because Plaintiff's name is already publicly available in several

---

[2] The Court takes judicial notice of the dockets for the related federal actions Plaintiff identifies in her complaint, which establish that Plaintiff has repeatedly used her full name in these related cases, and that the related cases involve similar facts, parties, and claims. *See Henry v. City of Mount Dora*, 6:18-cv-01325-CEM-DAB (M.D. Fla. Aug. 13, 2018); *Henry v. U.S. Dist. Ct.*, 6:18-mc-00026-SDM-UAM (M.D. Fla. Apr. 3, 2018); and *Henry v. Fla. Bar*,

related cases, and because these related cases also involve (at least to some extent) Plaintiff's daughter's juvenile proceedings, Plaintiff has failed to establish why she should now be permitted to proceed anonymously here. *See, e.g.*, *Doe v. Glass*, No. 4:23-cv-321-MW-MAF, 2023 WL 12094758, at *2 (N.D. Fla. Aug. 3, 2023) ("There is no need to permit Plaintiff to proceed anonymously in this Court where the underlying matters have been publicly accessible information for three years."). Plaintiff's request to proceed by pseudonym will therefore be denied, and Plaintiff's Confidential Notice (Doc. No. 4) will be stricken.[3]

Plaintiff also requests that her daughter (who is no longer a minor) be referred to by her initials in future public filings in this action to protect her daughter's privacy interests, and because Plaintiff's complaint raises issues related to her daughter's juvenile criminal proceedings, which were sealed by Court Order and have been afforded statutory confidentiality protections. *See* Doc. No. 1 ¶¶ 63-67; Doc. No. 2, at 4.

---

6:15-cv-01009-CEM-T_S (M.D. Fla. June 19, 2015). *See also Maxum Indem. Co. v. Shaw*, No. 3:18-cv-477-MMH-PDB, 2021 WL 725670, at *1 n.1 (M.D. Fla. Feb. 5, 2021), *report and recommendation adopted*, No. 3:18-cv-477-MMH-PDB, 2021 WL 706021 (M.D. Fla. Feb. 23, 2021) ("At any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned" (citation omitted)).

[3] Plaintiff notes that she filed this Confidential Notice along with a motion to seal same, but no such motion was ever filed.

Unlike Plaintiff's own name, it appears that her daughter's name has not previously been made public. In addition, Florida law protects the confidentiality of minors' juvenile records by providing for sealing or expunction, with such protections extending past the age of majority. *See, e.g.,* Fla. Stat. §§ 943.059 (providing for Court-ordered sealing of criminal history records, and that the subject of sealing may "lawfully deny. . . the arrests covered by the sealed records"); 985.04 ("[r]ecords in the custody of the [Department of Juvenile Justice] regarding children are not open to inspection by the public."); 943.0595 (providing for automatic sealing of minors' criminal history records under certain circumstances); 943.0515 (providing for automatic expunction of juvenile records under certain circumstances, after minor reaches age of 21 or 26). And Plaintiff is willing to disclose her daughter's name to Defendants for the purposes of this litigation.

Under these circumstances, the Court will allow all references to Plaintiff's daughter, who is not a party to this case, to proceed by the daughter's initials, at least at this stage of the litigation. However, the Court may at any time after further review require that this information be made public, either *sua sponte* or on motion of Defendants.

Accordingly, Plaintiff's motion (Doc. No. 2) is **GRANTED in part**, to the extent that Plaintiff's daughter shall be referred to by her initials in all public filings in this case. Plaintiff's Confidential Notice (Doc. No. 4) is hereby **STRICKEN**.

Plaintiff's motion (Doc. No. 2) is otherwise **DENIED**. Within **twenty-one (21) days** from the date of this Order, Plaintiff shall file an amended complaint using her full name. *See also Henry v. Fla. Bar*, 6:15-cv-01009-CEM-T_S (M.D. Fla.), Doc. Nos. 4, 7, 11, 13, 36 (in related case, denying request to seal complaint and other filings, but permitting redaction of Plaintiff's daughter's name).

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties